UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

W. REX DUFF, M.D.     PLAINTIFF

v.     CIVIL ACTION NO. 3:10-CV-396

KENTUCKY BOARD OF MEDICAL LICENSURE, et al.     DEFENDANTS

## **MEMORANDUM OPINION**

This matter is before the court on the motion of defendants the Kentucky Board of Medical Licensure and its members, past and present (hereinafter "the Board") to dismiss the claims of plaintiff W. Rex Duff, M.D. ("Duff") (DN 8). Duff has responded (DN 9), and the Board has replied (DN 10). For the reasons set forth herein, the Board's motion will be **GRANTED**.

## **BACKGROUND**

Duff brings this action pursuant to 42 U.S.C. § 1983, alleging that the Board suspended his medical license in violation of his right to due process. The Board began investigating Duff in February 2002 after apparently learning that the Greenup County, Kentucky Sheriff's Office was investigating Duff for improperly prescribing controlled substances. On May 7, 2003, pursuant to findings entered by Board Inquiry Panel B, the Board entered an Emergency Order of Suspension that barred Duff from practicing medicine in Kentucky. At the same time, the Board issued a Complaint against Duff alleging that Duff had violated KY. REV. STAT. §

311.595(9).[1] Duff appealed the Emergency Order, but it was upheld by a Board hearing officer and, eventually, by the Kentucky Supreme Court.[2]

On September 14, 2004, the Board held an administrative hearing to determine whether Duff had violated KY. REV. STAT. § 311.595(9). After evidence was presented, the hearing officer recommended that the Board find Duff guilty of violating the statute. On March 11, 2005, Board Hearing Panel A accepted and adopted the hearing officer's findings of fact, conclusions of law, and recommended order and issued an Order of Indefinite Restriction with respect to Duff's medical license.

On April 8, 2005, Duff filed a Petition for Judicial Review in Jefferson Circuit Court. On December 4, 2005, the Circuit Court issued an order finding that there was substantial evidence in the record to support the Board's decision. On December 22, 2006, Duff filed an appeal of this decision with the Kentucky Court of Appeals. On September 26, 2008, the Court of Appeals held that Duff's allegations of error were without merit, but questioned whether the Board had properly applied a regulatory guideline that was not in place during part of the time Duff allegedly violated KY. REV. STAT. § 311.595(9). Based on this concern, the Court of Appeals vacated the Board's Order of Indefinite Restriction and remanded Duff's case to the Board for reconsideration.

---

[1] This statute allows a medical license to be revoked for "dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm."

[2] After the Board denied Duff's appeal, Duff appealed the Emergency Order to the Jefferson County, Kentucky Circuit Court. The Circuit Court granted Duff's motion for a temporary injunction, but the Kentucky Court of Appeals dissolved the injunction upon appeal from the Board. Duff then appealed to the Kentucky Supreme Court, which ultimately upheld the Emergency Order.

On March 10, 2009, the Board remanded the case to its hearing officer to re-examine the case in light of the Court of Appeals' order. On May 11, 2009, the hearing officer stated that he was unable to evaluate the case without the Board re-submitting the case to its consultants. The Board declined to do so, and on June 4, 2009, the Board reinstated Duff's license without restrictions and dismissed the Complaint.

Duff filed this action in this court on June 3, 2010. The Board argues that Duff's complaint should be dismissed because the statute of limitations on his claims has run.

**ANALYSIS**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). The motion must be denied "'unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989) (quoting *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)). The party moving for dismissal bears the burden of showing that the other party has failed to state a claim upon which relief can be granted. *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991).

Section 1983 actions in Kentucky must be brought within the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). In general, the statute of limitations on a civil rights action begins to run when a plaintiff knows or has reason to know of the injury that is the basis of his action.

*Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Id.*

The Board claims that Duff's alleged injury occurred when the Board issued its Order of Indefinite Restriction in 2005. Duff, however, urges that the statute of limitations did not begin to run until his license was reinstated in June 2009. Citing *Shamaeizadeh v. Cunagin*, 182 F.3d 391, 396 (6th Cir. 1999), Duff argues that his cause of action did not accrue until the Board's disciplinary action was resolved in his favor. *Shamaeizadeh*, however, addressed the special circumstance of a § 1983 action in which a favorable finding for the plaintiff could imply the invalidity of a pending criminal charge in state court. Noting concerns about interference with state criminal actions, as well as the importance of allowing a criminal defendant to focus his litigation efforts on his criminal proceeding, the court in *Shamaeizadeh* held that the statute of limitations on the plaintiff's action did not begin to run until the criminal charges against him were dismissed. *Id.* at 399.

The special circumstances present in *Shamaeizadeh* do not apply in this case. Duff was not a criminal defendant, and thus the *Shamaeizadeh* court's concerns about potentially contradictory results in criminal and civil trials are not present here. Nor do the concerns about possible dilution of criminal defense efforts arise. Accordingly, we hold that the statute of limitations was not tolled during the period before the Board reinstated Duff's license. All of the defects of which Duff complains are alleged to have occurred during the Board's review process,

which culminated in the Order of Indefinite Suspension on March 11, 2005.³ His claims therefore accrued either on or before that date.

Our conclusion is supported by § 1983 cases from other, non-criminal contexts in which injury was found to accrue at the time an adverse action against the plaintiff took place – not at the conclusion of some form of appeals or review process. *See, e.g.*, *Bishop v. Children's Center for Developmental Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010) (holding that parents' § 1983 claim accrued at the time they learned their child had been expelled from school and finding "irrelevant" the existence of an administrative remedy because "redress was available at the time of the injury."); *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Svcs.*, 606 F.3d 301, 308 (6th Cir. 2010) (holding that mother's § 1983 claim accrued when children were removed from her custody and that pending state custody case did not toll the statute of limitations on her claim).

Duff's efforts to cast the deprivation of his medical license as a "continuing violation" fail. The Sixth Circuit Court of Appeals has recognized a distinction between "continuing violations" and "continuing effects of prior violations" in the § 1983 context. *Ohio Midland, Inc. v. Ohio Dept. of Transp.*, 286 Fed App'x 905, 912 (6th Cir. 2008). "[P]resent effects of past discrimination . . . do not trigger a continuing violations exception." *Id.* Here, Duff does not allege a continuing series of violations that occurred after the Board's March 2005 decision. Rather, Duff alleges that the Board engaged in an unconstitutional decision-making process that

---

³Duff alleges (1) that the Board improperly entered the Emergency Order of Suspension; (2) that the Board improperly used KASPER reports in making its decision; (3) that the Board improperly made public the allegations against Duff; (4) that the post-deprivation hearing violated Duff's due process rights; and (5) that the procedures utilized in the Emergency Hearing and the Final hearing did not afford Duff due process of law. Duff does not complain of any Board practices that occurred after the issuance of the Order of Indefinite Suspension.

culminated in its March 2005 Order. Although the result of the allegedly flawed procedure (the suspension of Duff's medical license) persisted until June 2009, any alleged injury occurred on or before the date the Board entered its Order of Indefinite Suspension. Because Duff did not bring his action until more than five years after that date, his claims are barred by the statute of limitations and must be dismissed. A separate order will issue in accordance with this opinion.